CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
October 08, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Lawrence Edward Hinchee, Jr., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:25-cv-00033 |
| Sgt. Littleton *et al.*, | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Lawrence Edward Hinchee, Jr., a Virginia inmate proceeding *pro se*, filed this action claiming constitutional violations pursuant to 42 U.S.C. § 1983 and other state-law claims. The claims asserted in this suit were initially filed as part of a complaint in which Hinchee alleged that 26 defendants violated a variety of laws and constitutional rights over many years at many institutions. *See Hinchee v. Reed et al.*, No. 7:24-cv-00721 (W.D. Va. filed Oct. 21, 2024). On January 15, 2025, this court severed ten cases from Hinchee's initially filed complaint. *See id.*, Dkt. 10. This lawsuit (new action number seven in the court's severance order) involves the allegations in Paragraphs 38 and 39 of Hinchee's initial complaint at page 12, which relate to two discrete incidents at Coffeewood Correctional Center. Hinchee claims he was harassed and unfairly treated and that Defendants violated the Americans with Disabilities Act ("ADA"). (*See* Dkt. 1 at 12.)

## I.     Factual and Procedural History

Hinchee identifies three Defendants in connection with these claims, each of whom is a correctional officer at Coffeewood Correctional Center. (Dkt. 1 at 3 ¶¶ 20–22). The Defendants appeared and filed a motion to dismiss and a memorandum in support thereof. (Dkts. 14, 15.) The court issued a *Roseboro* notice (Dkt. 16), but Hinchee did not file an opposition to the motion to dismiss even after being granted an extension of time to do so. (Dkt. 17.) The court then sent a revised *Roseboro* notice (Dkt. 20) and granted Hinchee additional time to file a response opposing the motion to dismiss. (Dkt. 19.) Hinchee requested a further extension of time (Dkt. 22), which the court granted (Dkt. 23), but Hinchee still has not filed any response to date.

The following is a summary of Hinchee's relevant factual allegations in the complaint, which the court accepts as true when resolving the motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On January 3, 2022, Hinchee pled guilty to "sexual exploitation of a child/distribution/publication/sell and was sentenced to fifteen years' probation," which he was permitted to serve in Virginia. (Dkt. 1 at 6.) On October 18, 2022, he was incarcerated in "Roanoke City Jail on ten counts of possession of child pornography." (*Id.* at 9 ¶ 21.) On January 3, 2024, Hinchee was transferred to Coffeewood Correctional Center, the facility where the events at issue in this case occurred. (*Id.* at 10 ¶ 30.)

The following are the facts that Hinchee alleges in connection with the shakedown incident at issue in this action. On June 5, 2024, Coffeewood officers, including Defendant Littleton and a special response team ("SRT") officer, conducted a scheduled shakedown of

the dorm where Hinchee was housed. (*Id.* at 12 ¶ 38.) After Hinchee's locker was searched and he was cleared, Defendant Littleton and an SRT officer conducted a second search of Hinchee's locker and tote. Littleton took six books that he claimed were contraband. (*Id.*) "[T]hree of the books contained sexual scenes between consenting adults of the same sex." (*Id.*) Hinchee requested that "mental health" be called to discuss the confiscation of the six books. (*Id.*) Littleton referred Hinchee to Defendant Bright, who said that he would make a note of it but that he was not stopping the shakedown to call mental health. (*Id.*)

Hinchee then asked the booth officer to request that Dr. Howard and Ms. Hill, whom the court presumes are mental health staff, come to the dorm to speak with him. (*Id.*) Littleton said that he did not care about Hinchee's "feelings at this point and [, that] all [he] care[d] about is contraband." (*Id.*) Hinchee alleges that he suffers from PTSD and bi-polar II. (*Id.*) On the basis of these allegations, Hinchee asserts that Defendants violated the ADA, "target[ed] and harass[ed] . . . an LGBTQIA+ inmate," and intentionally inflicted emotional distress. (*Id.*)

The following are the facts alleged in the complaint with regard to the apple-throwing incident also at issue in this action. On June 23, 2024, an inmate threw an apple at Hinchee's head, narrowly missing him. (*Id.* at 12 ¶ 39.) Defendant Nelson laughed. (*Id.*) Hinchee asked Nelson why the inmate was not charged with a disciplinary offense. (*Id.*) Nelson responded "'that it had to be something major before he wrote someone up,'" and that the inmate was not charged because the apple did not strike Hinchee. (*Id.*) Hinchee does not specify a cause of action in connection with this incident.

As relief for these and other claims, Hinchee seeks $70 million in damages and numerous injunctions. (*Id.* at 14.)

## II. Standard of Review

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007)). In making this evaluation, the court accepts all well-pled facts as true; however, it need not assume the truth of any "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" as these are not well-pled facts. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

Pleadings filed by *pro se* litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A *pro se* complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

### III.　Analysis

Here, even when Hinchee's allegations in the complaint are accepted as true as required, the allegations fail to establish a plausible claim that the Defendants are liable for the events related by Hinchee.

Hinchee claims that Littleton and Bright's failure to provide him access to mental health personnel during the shakedown violated the ADA because of his mental conditions. According to the complaint, Hinchee's request to see mental health staff was relayed by another staff member immediately after the shakedown, just not **during** the shakedown. (Dkt. 1 at 12 ¶ 38.) Assuming Hinchee claims that the failure of correctional officers to provide an immediate referral to mental health staff upon his demand was a failure to accommodate his disabilities, such a claim fails.

To state a claim under Title II of the ADA, "a plaintiff 'must allege that (1) she has a disability, (2) she is otherwise qualified to receive the benefits of a public service, program, or activity, and (3) she was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated, against on the basis of her disability.'" *Cartagena v. Lovell*, 103 F.4th 171, 184 (4th Cir. 2024) (quoting *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005)).  Title II of the ADA "allows plaintiffs to pursue three distinct grounds for relief: (1) intentional discrimination or disparate treatment; (2) disparate impact; and (3) failure to make reasonable accommodations." *Nat'l Fed'n of the Blind v. Lamone*, 813 F.3d 494, 503 n.5 (4th Cir. 2016).  Of these, Hinchee appears to claim that Littleton and Bright failed to make reasonable accommodations.  (*See* Dkt. 1 at 12 ¶ 38.)

The allegations of the complaint do not satisfy the second and third elements of such an ADA claim. Hinchee has not plausibly alleged that he is "otherwise qualified" for a service, program, or activity, or that he has been unable to access that service, program, or activity because of his alleged "disability." *See generally* 42 U.S.C. § 12131(2). Having mental health personnel come to a housing unit immediately to discuss confiscation of contraband is not a public service, program, or activity. Hinchee does not otherwise name any public service, program, or activity from which he was allegedly excluded. Further, Hinchee does not allege facts that would show that Littleton or Bright refused to accommodate him or treated him differently "on the basis of" his having PTSD or Bipolar II. In fact, Hinchee "believe[d] that the confiscation of [his] personal property[] was due to [his] being an LGBTQIA+ inmate." (Dkt. 1 at 12 ¶ 38.) Because Hinchee does not allege facts supporting the elements of a cause of action under the ADA, he has failed to state a plausible claim of entitlement to relief. Additionally, correctional officers in their individual capacities are not proper defendants to a claim asserting a failure to accommodate. Such a claim must be asserted against a public entity, not an individual. *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 471 (4th Cir. 1999); *see also Brown v. Dep't of Pub. Safety & Corr. Servs.*, 383 F. Supp. 3d 519, 552 (D. Md. 2019) (collecting cases).

Next, Hinchee's claim related to targeting and harassment in connection with the shakedowns also fails to state a plausible claim of entitlement to relief. Hinchee asserts that Littleton's additional shakedown of his property constituted targeting and harassment of an LGBTQIA+ inmate. (Compl. at 12 ¶ 38.) Hinchee does not identify his claim as one asserted pursuant to the Equal Protection Clause of the Fourteenth Amendment to the United States

Constitution, but the court has considered whether the facts he asserts could support a claim that he was targeted and harassed in violation of that clause.

The Equal Protection Clause requires that persons similarly situated be treated alike. *Plyler v. Doe*, 457 U.S. 202, 216 (1982). The Equal Protection Clause does not, however, require "things which are different in fact or opinion to be treated in law as though they were the same." *Id.* To succeed on a claim of an equal protection violation, a plaintiff must demonstrate (1) that he has been treated differently from others who are similarly situated, and (2) that the unequal treatment was the result of intentional or purposeful discrimination. *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Two groups of persons are "similarly situated" only if they "are similar in all aspects relevant to" the challenged treatment. *Van Der Linde Hous., Inc. v. Rivanna Solid Waste Auth.*, 507 F.3d 290, 293 (4th Cir. 2007).

To support the second element of an equal protection claim, a plaintiff must allege facts establishing that a discriminatory purpose was a motivating factor in the challenged act. *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265–66 (1977). In the prison context, equal protection claims are viewed deferentially to prisons, and disparate treatment passes constitutional muster so long as "the disparate treatment is 'reasonably related to [any] legitimate penological interests.'" *Veney v. Wyche*, 293 F.3d 726, 732 (4th Cir. 2002) (quoting *Shaw v. Murphy*, 532 U.S. 223, 225 (2001)) (alteration in *Veney*). A plaintiff "cannot base an equal protection claim solely on a personal belief that he was a victim of discrimination." *Stewart v. Bland*, No. 2:07cv512, 2007 WL 5787613, at *2 (E.D. Va. Dec. 7, 2007) (citing *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995)).

"[T]he class to which [an inmate] belongs consists of the persons confined as he was confined, subject to the same conditions to which he was subject." *Moss v. Clark*, 886 F.2d 686, 691 (4th Cir. 1989) (quoting *Koyce v. U.S. Bd. of Parole*, 306 F.2d 759, 762 (D.C. Cir. 1962)). By his own characterization, Hinchee is an LGBTQIA+ inmate who pled guilty to "sexual exploitation of a child/distribution/publication/sell" and was incarcerated for "ten counts of possession of child pornography." (Dkt. 1 at 6, 9 ¶ 21.) Because of the nature of his criminal offenses and mental health, Hinchee is not allowed to retain certain materials. (*See, e.g., id.* at 11 ¶ 31 (Hinchee explaining that he and mental health staff reviewed his writings to determine what he could keep).) Hinchee has not alleged that he was treated differently than other inmates with similar criminal offenses and characteristics. Therefore, his allegations do not establish a plausible claim that he was treated differently than similarly situated inmates.

Even if the relevant comparison class was broadened to include all LGBTQIA+ prisoners regardless of their charged offenses, Hinchee nonetheless fails to plead an equal protection claim. Hinchee's allegations do not allege a discriminatory purpose as a motivating factor for conducting a second shakedown of his cell. None of the facts alleged indicate that anything other than a desire to conduct the shakedown properly and efficiently motivated the Defendants. (*See id.* at 12 ¶ 38 (indicating that Littleton and Bright made comments about wanting to find contraband and not interrupt the shakedown in progress).) Hinchee does not allege any comments made by them that would indicate a discriminatory purpose or even an awareness of his LGBTQIA+ status. Moreover, conducting a second search of an inmate's written materials, where that inmate is restricted from possessing certain material because of his specific offenses and mental health, is reasonably related to legitimate penological interests

in securing and rehabilitating that person. Hinchee's allegations do not contain sufficient factual support to allow the court to reasonably infer "more than the mere possibility" that a discriminatory purpose was a motivating factor in the challenged conduct or that either Littleton or Bright treated Hinchee differently from non-LGBTQIA+ prisoners. *Iqbal*, 556 U.S. at 679. Therefore, the complaint fails to state a viable equal protection claim.

In the absence of a viable federal claim, the court declines to exercise supplemental jurisdiction over the asserted state-law claim of intentional infliction of emotional distress pursuant to 28 U.S.C. § 1367(c)(3).

Finally, Hinchee fails to state any claim connected with the apple-throwing incident. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must state facts sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Hinchee does not have a legal right to be free from a prison official's laughing or to force a prison official to charge another person with a disciplinary infraction. Hinchee's allegations against Nelson do not support any ascertainable federal cause of action. Accordingly, the court finds that the facts alleged relating to the apple-throwing incident do not state any plausible claim of entitlement to relief.

### IV.   Conclusion

For the reasons discussed above, Hinchee's complaint fails to state a plausible claim upon which relief can be granted against any named Defendant. Accordingly, the court

**GRANTS** Defendants' motion to dismiss (Dkt. 14) and **DISMISSES** this action without prejudice. The Clerk is **DIRECTED** to close the case.

The Clerk is **DIRECTED** to provide a copy of this Memorandum Opinion and Order to Hinchee.

**IT IS SO ORDERED**.

**ENTERED** this 8th day of October, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE